UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DANIEL BRONSON,<br>    Plaintiff, | Case No. 1:21-cv-711 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| STATE OF OHIO,<br>    Defendant. | **REPORT AND**<br>**RECOMMENDATION** |

Plaintiff, previously a prisoner at the London Correctional Institution, has filed a civil rights complaint in this Court. (Doc. 1). On November 23, 2021, the undersigned issued a Report and Recommendation to deny plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 2). The Report and Recommendation was returned to the Court as undeliverable, indicating that plaintiff was released.[1] (*See* Doc. 4)

On July 5, 2022, the Court adopted the Report and Recommendation, denied plaintiff's motion to proceed *in forma pauperis*, and ordered plaintiff to pay the $402.00 filing fee within thirty (30) days. (Doc. 5). Plaintiff was notified that the failure to pay the full filing fee within thirty days would result in the dismissal of this action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

The July 5, 2022 Decision and Entry was returned to the Court marked "Return to Sender Attempted – Not Known Unable to Forward." (*See* Doc. 6, 7). To date, more than thirty days after the July 5, 2022 Decision and Entry, plaintiff has failed to inform the Court of his current address or pay the full filing fee.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition

---

[1] Plaintiff subsequently provided the Court with an updated mailing address. (*See* Doc. 3). However, as noted below, mail sent to him at the updated address was also returned as undeliverable.

of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to inform the Court of a change in address or to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 8/4/2022

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL BRONSON,
    Plaintiff,

vs.

STATE OF OHIO,
    Defendant.

Case No. 1:21-cv-711

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).